UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND MASONS' LOCAL UNION NO. 5, OHIO PENSION FUND, ) ) ) ) ) | CASE NO. 5:22-cv-406 |
| PLAINTIFF, ) ) | JUDGE SARA LIOI |
| vs. ) ) ) ) | MEMORANDUM OPINION AND ORDER |
| UNITED MASONRY CONSTRUCTION CO., LLC, et al., ) ) ) | |
| DEFENDANTS. ) | |

Presently before the Court is the motion of plaintiffs for the entry of default judgment against defendants and an award of damages and injunctive relief pursuant to the provisions of the Employment Retirement Income Security Act of 1964 ("ERISA"), 29 U.S.C. § 1132(a)(3), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Doc. No. 11.) The motion is unopposed. For the reasons that follow, the motion is granted in part and denied without prejudice in part.

**I. BACKGROUND**

On March 14, 2022, plaintiffs[1] brought suit against defendants, United Masonry Construction Company, LLC ("United Masonry") and Linda Cheatham ("Cheatham")

---

[1] Plaintiffs comprise two groups. The "ERISA Funds" plaintiffs include: the Trustees of the Bricklayers and Masons' Local Union No. 5 Ohio Pension Fund; and the Trustees of the Bricklayers and Masons' Local Union No. 5, Ohio Health and Welfare Fund. The "Union Funds" plaintiffs include: the Bricklayers and Masons' Local Union No. 5, Ohio Vacation and Savings Fund; the Bricklayers and Masons' Local No. 5, Ohio Industry and Promotion Fund; the Northern Ohio Bricklayers and Allied Craftworkers Regional Training Center Trust; and the Bricklayers and Allied Craftworkers Local Union No. 5, Cleveland, Ohio. (Collectively, these groups are referred to herein as "plaintiffs.")

(collectively, "defendants"), to collect fringe benefit contributions, wage and dues deductions, liquidated damages, interest, and other costs, pursuant to Section 502(a)(3) of ERISA, as amended, 29 U.S.C. § 1132(a)(3), and Section 301 of the LMRA, 29 U.S.C. § 185. (Doc. No. 1 (Complaint).

In the motion, plaintiffs seek the award of damages against defendants in the amount $765.66, plus any additional delinquent contributions or other wrongfully withheld monies; and an award of $4,425.79, representing reasonable attorney fees and costs. (Doc. No. 11-1 (Memorandum in Support) at 2–3[2].) In addition to these monetary awards, plaintiffs seek an order (1) requiring United Masonry to submit to, and cooperate with, a payroll audit to determine whether other delinquent fringe benefit contributions or wage and dues deductions are owed; (2) requiring defendants to compensate plaintiffs for the cost of the audit; (3) requiring defendants to pay any unpaid contributions and other delinquencies discovered by the audit; (4) finding defendants in violation of various provisions of ERISA and the LMRA; (5) requiring United Masonry to post a sufficient bond; (6) granting a permanent injunction prohibiting defendants from committing any further violations of ERISA or the LMRA; (7) post-judgment interest; and (8) that the Court retains jurisdiction over this matter. (*Id*. at 2–6.) Appended to their motion is a proposed order of judgment awarding damages and injunctive relief and directing United Masonry to submit to an audit. (Doc. No. 11-5.)

On March 21, 2022, the Clerk served the complaint and initiating documents on defendants by certified mail. (Non-document Order, 3/21/2022.) On March 23, 2022, service was perfected upon defendants. (Doc. Nos. 7–8 (Returns of Service).) Plaintiffs applied to the Clerk for entry of

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

default against defendants (Doc. No. 9), and the Clerk entered default against defendants on April 26, 2022. (Doc. No. 10.).

## II. LAW AND DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgment. Rule 55(b) provides that default judgment may be entered against a defendant who is neither a minor nor an incompetent person. Defendant United Masonry is a corporation having its principal place of business in Ohio. (Doc. No. 1 ¶ 15.) Defendant Cheatham is the owner and principal officer of United Masonry. (*Id*. ¶ 17.) As a business entity, United Masonry is not a minor, incompetent person, or subject to the Soldiers and Sailors Relief Act of 1940. *Zinganything, LLC v. Tmart UK Ltd*., No. 5:14-cv-629, 2016 WL 362359, at *2 (N.D. Ohio Jan. 29, 2016) (citation omitted). Additionally, there is nothing in the record to demonstrate that Cheatham is a minor, incompetent, or otherwise incapable of having judgment entered against her.

Once default is entered, the defaulting parties are deemed to have admitted all of the well-pleaded factual allegations in the complaint regarding liability, including jurisdictional averments. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid. & Guar*., 661 F.2d 119, 124 (6th Cir. 1981)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

According to the complaint, defendant United Masonry has failed to timely submit monthly contribution reporting forms and remit the corresponding fringe benefit contributions to ERISA Funds in violation of Section 515 of ERISA, 29 U.S.C. § 1145. (Doc. No. 1 ¶¶ 53–66.) Additionally, defendant Cheatham has breached her fiduciary duties in violation of Section 409 of

3

ERISA, 29 U.S.C. § 1109, and has engaged in one or more prohibited transactions in violation of Section 406(b) of ERISA, 29 U.S.C. § 1106(b). (*Id.* ¶¶ 68–87, 89–93.) United Masonry also failed to timely remit payroll deductions, dues, initiation fees, and assessments to Union Funds in violation Section 301 of the LMRA, 29 U.S.C. § 301. (*Id.* ¶¶ 95–98). Finally, United Masonry has failed to comply with ERISA Funds' audit demand in violation of Section 515 of ERISA, 29 U.S.C. § 1132(a)(3), and has failed to comply with Union Funds' audit demand in violation of Section 301 of the LMRA, 29 U.S.C. § 185, as amended. (*Id.* ¶¶ 100–105; 107–110.)

Defendants are deemed to have admitted these complaint allegations by virtue of their default, and those allegations are sufficient to establish plaintiffs' claims for violations of ERISA and the LMRA. Accordingly, plaintiffs are entitled to default judgment as to liability with respect to plaintiffs' claims that defendants violated ERISA and the LMRA, as set forth in the complaint.

Well-pleaded allegations in the complaint as to liability are taken as true when a defendant is in default, but not as to damages. *Ford Motor Co.*, 441 F. Supp. 2d at 846 (citing *Visioneering Constr.*, 661 F.2d at 124); *Nat'l Satellite Sports, Inc. v. Mosley Entm't, Inc.*, No. 01-cv-74510, 2002 WL 1303039, at *3 (E.D. Mich. May 21, 2022) (the allegations of the complaint regarding the amount of damages are not controlling) (citations omitted). "[T]he civil rules 'require that the party moving for a default judgment must present some evidence of its damages.'" *IBEW Local Union 82 v. Union Lighting Prot.*, No. 3:11-cv-208, 2012 WL 554573, at *1 (S.D. Ohio Feb. 21, 2012) (quoting *Mill's Pride, L.P. v. W.D. Miller Enterpr.*, No. 2:07-cv-990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010)).

Plaintiffs suggest that the determination of their damages is subject to a clear mathematical calculation, and they have presented a declaration and attorney billing sheets in support of damages

and fees. (Doc. No. 11-1 at 8; *see* Doc. No. 11-2 (Declaration of Laurel Nielsen); Doc. No. 11-4 (Attorney Billing Sheets).) Additionally, plaintiffs note that they seek sums certain for delinquent contributions and wage and dues deductions, liquidated damages, attorney fees, and interest. However, in addition to the sum certain amounts sought in the motion, plaintiffs seek a payroll audit to determine if additional monies are owed. As such, a final amount of damages has yet to be determined. Rather than award damages in piecemeal fashion as plaintiffs propose, the Court finds that the better approach is to order the audit now, and set the case for a hearing on damages, if necessary, once the audit is complete. To the extent plaintiffs' motion requests default judgment on the issue of damages and injunctive relief, therefore, it is denied at this juncture.

### III. CONCLUSION

For the foregoing reasons, plaintiffs' motion for default judgment is GRANTED on the issue of liability and DENIED WITHOUT PREJUDICE on the issue of damages and injunctive relief. Further:

1. Defendant United Masonry is ORDERED to submit to a payroll audit to determine if any additional funds have been wrongfully withheld in violation of ERISA and the LMRA. Any such audit must be completed by December 9, 2022.

2. Defendant United Masonry is further ORDERED to comply with plaintiffs' requests to examine and review any documents necessary to complete the payroll audit.

3. The parties shall notify the Court when the audit is complete, and provide interim status reports every 30 days.

4. The Court will set a hearing on the issue of damages, if necessary, when the audit required by this Order has concluded.

   **IT IS SO ORDERED**.


Dated: September 9, 2022

        **HONORABLE SARA LIOI**
        **UNITED STATES DISTRICT JUDGE**