IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LOCAL UNION 5 TRUSTEES OF THE BRICKLAYERS AND MASONS' OHIO PENSION FUND, ET AL.,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED MASONRY CONSTRUCTION CO, LLC; LINDA CHEATHAM,<br><br>Defendants. | CASE NO. 5:22-CV-00406-SL<br><br>DISTRICT JUDGE SARA LIOI<br><br>MAGISTRATE JUDGE AMANDA M. KNAPP<br><br>**REPORT & RECOMMENDATION** |

On September 9, 2022, the Court granted in part and denied in part Plaintiffs' Motion for Default Judgment and Damages.[1] (ECF Doc. 12.) Specifically, default judgment was granted on the issue of liability but denied without prejudice on the issues of damages and injunctive relief. (*Id.* at p. 5.) Following the completion of an audit, the Court referred the matter to the undersigned to determine the amount of damages and prepare a report and recommendation as to damages. (ECF Doc. 16.) After Defendants failed to appear at a scheduled telephonic status conference, the undersigned directed Plaintiffs to file supplemental briefing and evidence in support of their request for damages in lieu of an evidentiary hearing. (ECF Doc. 18.) Having reviewed the supplemental briefing and attached exhibits (ECF Doc. 20), the undersigned finds that damages may be determined with reasonable certainty based on the evidence and that an

---

[1] Plaintiffs consist of two groups. The "ERISA Funds" plaintiffs include: Trustees of the Bricklayers and Masons' Local Union No. 5, Ohio Pension Fund, and Trustees of the Bricklayers and Masons' Local Union No. 5, Ohio Health and Welfare Fund. The "Union Funds" plaintiffs include: Bricklayers and Allied Craftworkers Local Union No. 5, Cleveland, Ohio, Bricklayers and Masons' Local Union No. 5, Ohio Vacation and Savings Fund, Bricklayers and Masons' Local No. 5, Ohio Industry and Promotion Fund, and the Northern Ohio Bricklayers and Allied Craftworkers Regional Training Center Trust.

1

evidentiary hearing is therefore unnecessary. For the reasons set forth below, the undersigned RECOMMENDS that the Court enter a judgment of $26,496.50 for Plaintiffs and against Defendants United Masonry Construction Co., LLC ("United Masonry") and Linda Cheatham ("Ms. Cheatham"), jointly and severally (collectively "Defendants").[2]

## I. Law & Analysis

Plaintiffs seek a monetary judgment against Defendants, jointly and severally, in the amount of $26,496.50, for contribution payments, liquidated damages, interest, attorneys' fees and costs, and audit costs, following the Court's grant of default judgment as to liability on Plaintiffs claims that Defendants violated ERISA and the LMRA. (ECF Doc. 20, pp. 1-2; *see also* ECF Doc. 1 ("Complaint").) The evidence supporting their requests is addressed below.

### A. Legal Standard

After default has been entered against a defendant, "only those well-pleaded allegations relating to liability are taken as true." *In re Fam. Resorts of Am., Inc.*, 972 F.2d 347 (6th Cir. 1992); *Long v. Morgan*, 451 F. Supp. 3d 830, 832 (M.D. Tenn. 2020). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara,* 183 F.3d 151, 155 (2d Cir.1999)).

While a court may conduct an evidentiary hearing to ascertain damages under Federal Rule of Civil Procedure 55(b), a hearing is not a prerequisite "if damages are contained in documentary evidence or detailed affidavits and can be ascertained on the record before the

---

[2] Plaintiffs' additional request for the entry of an order compelling Defendants to post a sufficient bond (ECF Doc. 20, pp. 11-12) is not within the scope the Court's referral order (ECF Doc. 16) and is not addressed herein.

court." *Joe Hand Promotions, Inc. v. RPM Management Co. LLC*, No. 2:11-CV-377, 2011 WL 5389425, *1 (S.D. Ohio Nov. 7, 2011) (citing *J & J Sports Production, Inc. v. Lukes*, 2010 WL 4105663, *1 (N.D. Ohio Oct. 18, 2010)); *see also Hart v. Estes*, No. 3:17CV-317-CRS, 2018 WL 1914295, at *2 (W.D. Ky. Apr. 23, 2018) ("The court, in its discretion, need not hold a hearing on the motion, but may determine on the filings that default judgment on the claims is proper, and may fix damages where the plaintiff has provided sufficient documentary proof to establish the judgment amount."); *O.M.A., S.r.l. v. Simon DeYoung Corp.*, No. 1:10 CV 00861, 2015 WL 5165336, at *3 (N.D. Ohio Aug. 28, 2015) (collecting cases).

In support of their requested damages, Plaintiffs provide: (1) the sworn declaration of Laurel Nielsen, an ERISA Funds employee responsible to administering agreements, monitoring employer contributions, collecting delinquent contributions, and computing liquidated damage penalties and interest assessments, and who has access to applicable accounting records (ECF Doc. 20-1 ("Nielsen Decl."), ¶¶ 1-6); (2) an independent accountants' report (ECF Doc. 20-4 ("Audit Report"); *see* Nielsen Decl., ¶ 8); and (3) the affidavit of Jonah D. Grabelsky, an attorney for Plaintiffs who has knowledge regarding attorneys' fees (ECF Doc. 20-8).

**B.    Delinquent Contributions, Liquidated Damages, and Interest**

The Court has already granted default judgment as to liability on Plaintiffs' claims that Defendant United Masonry failed to timely submit fringe benefit contributions to the ERISA Funds (ECF Doc. 1 ("Complaint"), ¶¶ 52-66) and timely remit payroll deductions, dues, initiation fees and assessments to the Union and Union Funds (*id.* at ¶¶ 94-98). (ECF Doc. 12.) The Court has also granted default judgment as to liability on Plaintiffs' claims that Defendant Cheatham breached her fiduciary duties by failing to remit contributions to the ERISA Funds and diverting such contributions to other purposes (Complaint, ¶¶ 67-87) and in doing so engaged in

3

prohibited transactions under ERISA (*id.* at p. 16, ¶¶ 88-93).  (ECF Doc. 12.)  Plaintiffs now seek a monetary judgment for specific unpaid contributions, liquidated damages, and interest due pursuant to those claims.

1. **Delinquent Fringe Benefit Contributions**

Pursuant to a court order, independent accountant Niel M. Tramer performed an audit to evaluate the fringe benefit contributions submitted by United Masonry for the period January 1, 2020 through September 30, 2022.  (*See* ECF Doc. 12; Nielsen Decl., ¶ 8; Audit Report.)  The Audit Report compared (1) the hours reported to the benefit office with the amounts contributed by the employer and (2) the employees appearing on the employer's compensation records, W-2 reporting forms, quarterly Ohio Job and Family Services, and other governmental payroll submissions with the Trust Fund contribution reports.  (Audit Report, p. 1.)

Absent rebuttal evidence to the contrary, this Court may rely on an independent auditor's report to support an award of damages.  *See Trs. of Detroit Carpenters Health & Welfare Fund v. River City Constr. Co.,* 99 F. App'x 612, 614-15 (6th Cir. 2004) (finding an auditor's report is sufficient proof of contributions owed "in the absence of evidence from [the defendant] demonstrating the actual hours Union employees worked"); *Trustees of Ohio Bricklayers Health & Welfare Fund v. VIP Restoration, Inc.,* No. 1:17 CV 437, 2018 WL 931299, at *4 (N.D. Ohio Feb. 16, 2018) ("The Sixth Circuit has affirmed awards of delinquent contributions based on auditors' reports where employers failed to offer sufficient evidence in rebuttal.") (citing *Trs. of Painters Union Deposit Fund v. Ybarra Const. Co.*, 113 F. App'x 664 (6th Cir. 2004) and *Trs. of Detroit Carpenters Health & Welfare Fund*, 99 F. App'x 612).

Here, the audit assessed the number of underreported working hours for each employee by comparing Union records with United Masonry's payroll records.  (Audit Report, pp. 3-5.)  It

then calculated the additional dues owed by year based on the number of underreported hours for each employee. (*Id*.) In all, the audit determined that United Masonry had underpaid fringe benefit contributions of $2,466.34 in calendar year 2020, $1,922.03 in calendar year 2021, and $453.74 in calendar year 2022, for a total of $4,842.11. (*Id.*; Nielsen Decl., ¶ 8.)

The undersigned has reviewed the evidence regarding the delinquent contributions and finds Plaintiffs have met their burden of proof. Therefore, the undersigned recommends the Court award Plaintiffs a monetary judgment of **$4,842.11** for delinquent contributions.

2. **Liquidated Damages and Interest**

United Masonry was required to pay contributions to the ERISA Funds and the Union Funds pursuant to the terms of a collective bargaining agreement. (Complaint, ¶¶ 14, 29, 31-33, 36.) Under the Delinquent Employers Procedure adopted by the Trustees of the ERISA Funds, all contributions were to be made by the fifteenth day of the month following the month worked for each covered employee. (Nielsen Decl. ¶ 3; ECF Doc. 20-2, p. 1.) An employer who was delinquent with regard to required contributions was required to pay: (1) the amount of the delinquency; (2) liquidated damages in the amount of five percent (5%) of the delinquent contribution amount; and (3) plus one and one-half percent (1½%) per month interest on the sum total of the delinquent contribution, compounded annually. (ECF Doc. 20-1, p. 4.)

Laurel Nielsen is responsible for administering the Delinquent Employers Procedure and applicable collective bargaining agreements. (Nielsen Decl., ¶ 3.) Her duties include monitoring employer contributions paid to Plaintiffs. (*Id.* at ¶ 4.) As part of her regular duties for Plaintiffs, she computes the amount of liquidated damage penalties and interest assessments on delinquent contributions and payroll audits. (*Id.* at ¶ 5.) To fulfill those duties, Ms. Nielsen has access to

accounting records indicating monthly contributions owed by participating employers, including any delinquent contributions, liquidated damages, and interest amounts owed. (*Id.* at ¶ 6.)

Having reviewed those accounting records, Ms. Nielsen calculated that Defendants owe $6,019.37 in liquidated damages for untimely contributions in June 2021, July 2021, September 2021, October 2021, January 2022, March 2022, May 2022, July 2022, August 2022, October 2022, November 2022, and December 2022. (*Id.* at ¶ 7.) She additionally calculated that Defendants owe $3,278.59 in interest on untimely contributions for the same months. (*Id.*)

After reviewing the Audit Report's findings regarding additional unpaid fringe benefit contributions in 2020, 2021, and 2022, Ms. Nielsen calculated that Defendants owe an additional $242.08 in liquidated damages and an additional $1,197.71 in interest. (*Id.* at ¶ 9.)

The undersigned has reviewed the evidence regarding the liquidated damages and interest owed, and concludes that Plaintiffs have met their burden of proof as to these damages. Therefore, the undersigned recommends that the Court award Plaintiffs a monetary judgment of **$6,261.45** in liquidated damages and **$4,476.30** in interest.

**C.     Audit Costs**

The Court has already granted default judgment as to liability on Plaintiffs' claims that Defendant United Masonry failed to comply with Plaintiffs' audit demands. (Complaint, ¶¶ 99-110.) The ERISA Funds are authorized, upon written notice, to audit the financial records of United Masonry with respect to hours worked and wages paid to all employees. (Complaint, ¶ 43; ECF Doc. 1-4, p. 21.) The applicable Payroll Audit Policy permits the Trustees to request audits of an employer when they have reason to believe or have determined that an employer is delinquent in the payment of fringe benefit contributions. (ECF Doc. 20-3, p. 1; Nielsen Decl., ¶ 8.) If an employer is more than two months delinquent in reporting or paying required

contributions, the policy further provides that the cost of the audit will be charged to and paid by the employer. (ECF Doc. 20-3, p. 3.)

This independent audit obtained in this case determined that United Masonry was delinquent in its contributions in calendar years 2020, 2021, and 2022 (Audit Report), in addition to prior delinquencies noted in Plaintiffs' accounting records (Nielsen Decl., ¶¶ 5-7). Because Defendants were more than two months late in providing required contributions, they are required to pay for the cost of the audit. (*See* ECF Doc. 20-3; Audit Report.) Tramer & Bolbach, Inc. charged Plaintiffs $3,405.00 for services rendered in the preparation of the Audit Report. (Nielsen Decl. ¶ 10, ECF Doc. 20-5.)

The undersigned has reviewed the evidence regarding the cost of the Audit Report, and concludes that Plaintiffs have met their burden of proof as to this cost. Therefore, the undersigned recommends that the Court award Plaintiffs a monetary judgment of **$3,405.00** for the cost of the audit.

**D.     Attorneys' Fees and Costs**

Pursuant to the applicable trust agreements, the Funds' Trustees "have the power to demand, collect, and receive employer contributions and may take such steps, including the institution and prosecution of or the intervention in any proceeding at law, in equity, or in bankruptcy as may be necessary or expedient in order to effectuate the collection of such employer contributions." (ECF Doc. 1-1, p. 11; ECF Doc. 1-2, p. 11.) Further, pursuant to the Collection Policy contained in the Delinquent Employers Procedure, the Funds are permitted to recover reasonable attorneys' fees and costs associated with collecting delinquent contributions. (ECF Doc. 20-2, p. 4. ("Any Employer delinquent with regard to required contributions shall

7

pay, in addition to such delinquencies . . . all reasonable costs and attorney's fees required in collecting such delinquencies with a minimum payment of $100.").)

For actions such as this one, brought under Section 515 of ERISA, 29 U.S.C. § 1145, Section 1132(g)(2)(D) applies. "In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which judgment in favor of the plan is awarded, the court shall award the plan . . . reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D). The Sixth Circuit has consistently held that "an award of reasonable attorneys' fees is mandated by 29 U.S.C. § 1132(g)(2)(D)" in such cases. *Bldg. Serv. Loc. 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1400 (6th Cir. 1995) (citing *Michigan Carpenters Council Health and Welfare Fund v. C.J. Rogers, Inc.,* 933 F.2d 376, 388 (6th Cir.) (finding remedies under 29 U.S.C. § 1132(g)(2) are mandatory, including reasonable attorneys' fees,), *cert. denied,* 502 U.S. 982 (1991).)

In ERISA cases, "the award of attorneys' fees must be reasonable as determined under the 'lodestar' approach." *Bldg. Serv. Loc. 47 Cleaning Contractors Pension Plan*, 46 F.3d at 1401. "It is well settled that the 'lodestar' approach is the proper method for determining the amount of reasonable attorneys' fees." *Id.* (citing *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 563 (1986)). The "starting point" for calculating the lodestar is "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 551 (6th Cir. 2008) (citing *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)).

The party seeking an award of attorneys' fees must submit evidence supporting the hours worked and rates claimed. *Hensley*, 461 U.S. at 433. Counsel is not "required to record in great detail how each minute of his time was expended" but "should identify the general subject matter

8

of his [or her] time expenditures." *Hensley*, 461 U.S. at 437 n.12. The Sixth Circuit has found evidence in support of rates and hours worked to be sufficient where documentation identified: (a) the date of billed time; (b) the individual recording the time; (c) the fractional hours billed; (d) the specific task completed; and (e) the information identifying the client. *Boards of Trustees of Ohio Laborers' Fringe Benefits Programs v. LA Williams Constr., LLC*, No. 2:16-CV-00304, 2017 WL 2858277, at *4 (S.D. Ohio July 5, 2017) ("*LA Williams*") (citing *Imwalle*, 515 F.3d at 553-54).

In support of their request for attorneys' fees in this case, Plaintiffs submit the Affidavit of Attorney Jonah D. Grabelsky and attorney fee billing records. (*See* ECF Docs. 20-8 ("Grabelsky Aff."), 20-9, 20-10.) Mr. Grabelsky's affidavit describes the names and qualifications of the three attorneys who billed on the case, all of whom specialize in representation of Taft-Hartley benefit plans. (Grabelsky Aff. ¶¶ 2-5.) Consistent with the requirements outlined in *Imwalle*, the attached billing records detail: the client for whom the services were performed; the initials of the attorney billing for each service; the date(s) worked; the number of hours worked, billed by the quarter-hour; and the task(s) completed. (ECF Docs. 20-9, 20-10.)

The billing records reflect that Plaintiffs' attorneys spent a total of 19.50 hours to obtain default judgment in this case, with billing rates between $180 and $190 per hour, for a total of $4,425.79 in attorneys' fees and costs through June of 2022. (Grabelsky Aff., ¶¶ 6-11; ECF Doc. 20-9.) The billing records further reflect that Plaintiffs' attorneys spent an additional 16.25 hours after obtaining default judgment, on activities such as obtaining the audit, submitting necessary status updates to the Court, and drafting a brief to in support of Plaintiffs' request for damages, with billing rates between $180 and $190 per hour, for a total of $3,082.50 in attorneys' fees and

costs through February of 2023. (Grabelsky Aff., ¶¶ 6-11; ECF Doc. 20-10.) In all, Plaintiffs' attorneys billed a total of 35.75 hours in the prosecution of this case, for a total of $7,508.29 in attorneys' fees and costs. (Grabelsky Aff., ¶¶ 6-11; ECF Docs. 20-9, 20-10.)

Other district courts within the Sixth Circuit have found similar hours expended to obtain default judgment in an ERISA collections case to be reasonable. *See LA Williams*, 2017 WL 2858277, at *4 (S.D. Ohio July 5, 2017) (finding 18.0 hours of work reasonably expended in obtaining default judgment); *see also Trustees of Plumbers Local 98 Defined Benefit Pension Fund v. Randall R Inc.*, No. 12-12553, 2013 WL 3817411, *3 (E.D. Mich. July 23, 2013) (15.2 hours expended to obtain default judgment was reasonable). Other district courts within this Circuit have also found hourly rates greater than the $180 or $190 requested by Plaintiffs' counsel to be reasonable. *See, e.g., Mikolajczyk v. Broadspire Servs., Inc.*, 499 F. Supp. 2d 958, 967 (N.D. Ohio 2007) (finding $250 hourly rate in ERISA case reasonable); *LA Williams*, 2017 WL 2858277, at *4 (finding $280 hourly rate reasonable).

The undersigned has reviewed the evidence regarding Plaintiffs' attorneys' fees and costs, and concludes that they have met their burden of proof as to attorneys' fees and costs. The undersigned further finds the hourly rate and hours expended on the case by Plaintiffs' counsel to be reasonable based on the lodestar approach, and finds the costs assessed also to be reasonable. Therefore, the undersigned recommends that the Court award Plaintiffs a monetary judgment of **$7,511.64** for attorneys' fees and costs.

E.    **Joint and Several Liability**

The Court has granted default judgment as to liability on Plaintiffs' claims that Defendant Cheatham breached her fiduciary duties by failing to remit contributions to the ERISA Funds and diverting such contributions to other purposes (ECF Doc. 1, pp. 13-16, ¶¶ 67-87) and engaged in

prohibited transactions under ERISA (*id.* at p. 16, ¶¶ 88-93). (ECF Doc. 12.) Based on the breach of her fiduciary duties, Plaintiffs assert that Ms. Cheatham is personally liable under Section 409(a) of ERISA, 29 U.S.C. § 1109 (Complaint ¶ 87), which provides:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

Plaintiffs accordingly request that the monetary judgment in this case should be awarded against all Defendants, jointly and severally. (ECF Doc. 20, p. 12.)

The language of the statute contemplates that a breach of fiduciary duty may subject a fiduciary to personal liability "to make good to [the] plan any losses to the plan resulting from each such breach" and "such other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1109(a). The U.S. Supreme Court has clarified that the relief contemplated under this statute does not extend to "a cause of action for *extra-contractual* damages caused by improper or untimely processing of benefit claims." *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 148 (1985) (emphasis added).

In this case, the relief sought by Plaintiffs is limited to payment for delinquent contributions, liquidated damages and interest provided for in the applicable contracts, audit costs provided for in the applicable contracts, and attorneys' fees and costs provided for in both the statute and the applicable contracts. The undersigned finds an award of monetary damages jointly and severally against both Defendants to be appropriate. *See, e.g., Michigan Laborers' Health Care Fund v. HER Const., LLC*, No. 1:12-CV-307, 2013 WL 594483 (W.D. Mich. Feb. 15, 2013) (entering monetary judgment jointly and severally against employer and fiduciary for unpaid benefit contributions, interest, liquidated damages, audit costs, and attorneys' fees and

11

costs). The undersigned therefore recommends that the Court enter monetary judgment jointly and severally against Defendants United Masonry and Linda Cheatham.

## II. Conclusion

For the foregoing reasons, the undersigned RECOMMENDS that the Court enter a judgment of $26,496.50 for Plaintiffs and against Defendants United Masonry and Linda Cheatham, jointly and severally, calculated as follows:

1. $4,842.11 for delinquent contributions, as disclosed by the Audit Report;
2. $10,737.75 for liquidated damages and interest;
3. $3,405.00 for the cost of the payroll audit;
4. $7,511.64 for reasonable attorneys' fees and costs.

Dated: July 28, 2023

                                                 /s/ Amanda M. Knapp
                                                 AMANDA M. KNAPP
                                                 United States Magistrate Judge

**OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after being served with a copy of this document. Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019); *see also Thomas v. Arn*, 474 U.S. 140 (1985).