# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE BRICKLAYERS AND MASONS' LOCAL UNION NO. 5, OHIO PENSION FUND, | ) ) ) ) ) | CASE NO. 5:22-cv-406 |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) | MEMORANDUM OPINION & ORDER |
| UNITED MASONRY CONSTRUCTION CO., LLC, et al., | ) ) ) | |
| DEFENDANTS. | ) | |

Before the Court is the report and recommendation ("R&R") of the magistrate judge in the

above-entitled action. (Doc. No. 21.) Also before the Court is plaintiffs' motion for clarification,

which the Court construes as a renewed motion for injunctive relief. (Doc. No. 22.) For the reasons

that follow, the Court adopts the R&R, grants the motion for injunctive relief, and awards plaintiffs

damages and other appropriate relief, as set forth below.

## I.    BACKGROUND

Plaintiffs[1] brought suit against defendants, United Masonry Construction Company, LLC

("United Masonry") and Linda Cheatham ("Cheatham") (collectively, "defendants"), to collect

---

[1] Plaintiffs comprise two groups. The "ERISA Funds" plaintiffs include: the Trustees of the Bricklayers and Masons' Local Union No. 5 Ohio Pension Fund; and the Trustees of the Bricklayers and Masons' Local Union No. 5, Ohio Health and Welfare Fund. The "Union Funds" plaintiffs include: the Bricklayers and Masons' Local Union No. 5, Ohio Vacation and Savings Fund; the Bricklayers and Masons' Local No. 5, Ohio Industry and Promotion Fund; the Northern Ohio Bricklayers and Allied Craftworkers Regional Training Center Trust; and the Bricklayers and Allied Craftworkers Local Union No. 5, Cleveland, Ohio. (Collectively, these groups are referred to herein as "plaintiffs.")

fringe benefit contributions, wage and dues deductions, liquidated damages, interest, and other costs, pursuant to Section 502(a)(3) of the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(3), and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. (Doc. No. 1 (Complaint).) In addition to a monetary award, the complaint sought an order requiring defendant to submit to an audit and to post a sufficient bond, as well as a permanent injunction prohibiting future violations of the LMRA and ERISA. (*Id.*, Counts V, VI, VII, Prayer for Relief, at 17–24[2].)

Despite receiving effective service, defendants failed to answer the complaint, and the Clerk entered default against defendants on April 26, 2022. (Doc. No. 10.) Plaintiff subsequently moved for default judgment. (Doc. No. 11 (Motion for Default Judgment).) On September 9, 2022, the Court granted plaintiffs default judgment as to liability, but denied without prejudice plaintiffs' request for monetary damages and injunctive relief. (Doc. No. 12 (Memorandum Opinion and Order), at 5–6.) In its decision, the Court also ordered defendant United Masonry to submit to a payroll audit and comply with plaintiffs' requests to examine and review documents necessary to complete the audit, and directed the parties to notify the Court when the audit was complete. (*Id.* at 5.)

In a status report filed on December 9, 2022, plaintiffs advised the Court that the audit was complete and that it was now possible to calculate damages owed by defendants. (Doc. No. 15 (Status Report).) The Court referred the matter to Magistrate Judge Amanda M. Knapp for a determination of damages. (Doc. No. 16 (Order of Referral).) In connection with the referral, the

---

[2] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

magistrate judge requested supplemental briefing. (*See* Doc. No. 20 (Plaintiffs' Supplemental Brief, as corrected).) In the R&R that followed, the magistrate judge determined that plaintiffs were entitled to monetary damages and costs from defendants, on a joint and several basis, as follows: $4,842.11 for delinquent contributions, $10,737.75 for liquidated damages and interest, $3,405.00 for the cost of the payroll audit, and $7,511.64 for attorneys' fees and costs. (Doc. No. 21, at 12.) The magistrate judge declined to offer a recommendation as to the posting of a bond, finding the issue beyond the parameters of the Court's referral. (*Id*. at 2 n.2.)

## II.    PLAINTIFFS ARE ENTITLED TO DAMAGES, FEES, AND COSTS

Under the relevant statute:

> [. . .] Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C). In this case, the fourteen-day period has elapsed and no objections have been filed. The failure to file written objections to a magistrate judge's report and recommendation constitutes a forfeiture of a de novo determination by the district court of an issue covered in the report. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).

The Court has reviewed the magistrate judge's report and recommendation, finds it well reasoned and well supported, and adopts the same. The Court, therefore, awards monetary damages, attorneys' fees, and costs in accordance with the R&R.

## III.    PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF

On August 9, 2023, plaintiffs filed a motion, pursuant to Fed. R. Civ. P. 60(a), styled "Motion to Clarify the Court's September 9, 2022 Memorandum Opinion and Order." (Doc. No.

22.) Recognizing that the Court denied without prejudice plaintiffs' request for damages and injunctive relief, and acknowledging that their request for a bond was organized under a claim seeking injunctive relief, plaintiffs request clarification as to whether the Court's prior order on liability also addressed the availability of a bond, or whether plaintiffs' must now renew their motion for a bond, as they are still seeking such relief. (*Id*. at 6; *see* Doc. No. 1, Count VII ¶¶ 112–16, at 19–20.)

Rule 60(a) permits a trial court to "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). The Sixth Circuit has held that while Rule 60(a) exists as a mechanism by which a trial court may correct a clerical error, it may not be used to make a substantive change. *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (citation omitted). "The basic purpose of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission." *Id*. (quoting 11 C. Wright & Miller, Federal Practice and Procedure § 2854, at 240 (2d ed. 1995)).

As the Court indicated in its September 9, 2022 Memorandum Opinion and Order, it chose to forego awarding relief in piece meal fashion and elected to wait for the results of the court-ordered audit before it considered damages or injunctive relief. (Doc. No. 12, at 5.) It, therefore, intentionally did not reach plaintiffs' request for injunctive relief, including the request for a surety bond. Because there was no error in the Court's prior order, the Court believes that Rule 60(a) relief is unavailable. Nevertheless, the Court did specifically deny plaintiffs' motion for injunctive relief *without prejudice*. (*Id*. at 5.) Accordingly, the Court construes plaintiffs' motion for clarification as a renewed motion for injunctive relief.

4

In their claim for injunctive relief (Count VII), plaintiffs allege that United Masonry was obligated by the terms of Article VIII, Section 2 of the Local No. 5 collective bargaining agreement ("CBA") to post a cash bond in the amount of $50,000 because it employed between 5 and 16 employees. (Doc. No. 1 ¶¶ 112–13[3].) Despite this requirement, plaintiffs allege that United Masonry posted an insufficient bond of only $25,000.00 in violation of the Trust Agreements and the CBA. (*Id*. ¶¶ 14–15.) These allegations, which are taken as true on default, demonstrate plaintiffs' entitlement to compel United Masonry to post a fully sufficient bond. Additionally, plaintiffs have supported these complaint allegations with a declaration from a fund administrator. (Doc. No. 11-2 (Declaration of Laurel Nielsen) ¶ 7.) The Court, therefore, finds that plaintiffs have demonstrated entitlement to a surety bond in the amount of $50,000.00.

Additionally, now that the Court has determined that defendants are liable for past violations of the LMRA and ERISA, the Court finds that plaintiffs are entitled to a permanent injunction prohibiting future violations of these federal statutes.

---

[3] Pursuant to Article IX of the Masonry Industry Agreement, United Masonry was obligated to obtain a bond in the amount of $100,000.00 or such amount as required by the Local 5 CBA. (*Id*. ¶ 112.)

IV.    CONCLUSION

For the reasons stated above, the Court adopts the magistrate judge's R&R and enters a judgment in favor of plaintiffs and against defendants, jointly and severally, for $26,496.50, itemized as follows:

- $4,842.11 for delinquent contributions;

- $10,737.75 for liquidated damages and interest;

- $3,405.00 for the cost of the payroll audit; and

- $7,511.64 for attorneys' fees and costs.

The Court further awards plaintiffs post-judgment interest, pursuant to 28 U.S.C. § 1961, from the date of judgment. Additionally, the Court grants the renewed motion for injunctive relief. (Doc. No. 22.) The Court directs United Masonry to post a surety bond in the amount of $50,000.00. Finally, the Court permanently enjoins defendants from committing any future violations of Section 301 of the LMRA, 29 U.S.C. § 185, against Local Union No. 5 and the Union Funds plaintiffs, and enjoins defendants from committing any future violations of ERISA, 29 U.S.C. § 1145, pursuant to ERISA 29 U.S.C. § 1132(g)(2)(E), with respect to the ERISA Funds plaintiffs. This case is closed.

**IT IS SO ORDERED**.


Dated: September 1, 2023

HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT